UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HORTENCIA GRAZETTE,                                              Docket No.: 08 CV 3651 (RWS)

                    Plaintiff,                             **ANSWER**

    -against-

UNITED NATIONAL INSURANCE COMPANY,

                    Defendant.
------------------------------------------------------------------------X

Defendant, UNITED NATIONAL INSURANCE COMPANY, by its attorneys, MIRANDA SOKOLOFF SAMBURSKY SLONE VERVENIOTIS LLP, hereby answers the plaintiff's Verified Complaint ("the complaint") as follows:

### ANSWERING THE FIRST CAUSE OF ACTION

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Complaint.

2. Denies the allegations contained in paragraph "2" of the Complaint.

3. Denies the allegations contained in paragraph "3" of the Complaint, except admits that defendant was, and still is authorized to issue policies of insurance in New York.

4. Denies the allegations contained in paragraph "4" of the Complaint, except admits that defendant issued policy number L7164926 to Joseph Bodak and 916 Holding Corp., and that is subject to various conditions and terms.

5. Denies the allegations contained in paragraph "5" of the Complaint and begs leave begs leave to refer to the insurance policy issued by United National Insurance Company, at the time of trial for its import.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the Complaint.

12. Denies the allegations contained in paragraph "12" of the Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

13. As and for a response to paragraph "13" of the Complaint, Defendant repeats and realleges each and every allegation contained in paragraphs "1" through "12" of this Answer with the same force and effect as if fully set forth at length herein.

14. Denies the allegations contained in paragraph "14" of the Complaint.

15. Denies the allegations contained in paragraph "15" of the Complaint.

## AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

16. That the Complaint fails to state a claim against United National.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

17. That necessary parties are not before the Court as the insured 916 Holding has not been named as a defendant.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE and FIRST COUNTERCLAIM**

18. That notice was not timely provided by the insured to United pursuant to the condition precedent in the United policy, and thus United properly disclaimed coverage. That the insured was aware of the incident and ensuing personal injury suit by letters from the claimant and service upon the insured of the complaint. Despite the foregoing, notice was not provided to United until after the insured was in default. That as a result of the foregoing, United is not obligated to indemnify 916 Holding and/or Grazette at bar.

**WHEREFORE**, Defendant, United National Insurance Company demands judgment dismissing the plaintiff's complaint with prejudice and granting a declaration that United National Insurance Company is not obligated to defend and indemnify 916 Holding and/or the plaintiff for any injuries suffered by Hortencia Grazette, and granting such other, further, or different relief as the court may deem just and proper.

Dated: Mineola, New York
      May 28, 2008

          MIRANDA SOKOLOFF SAMBURSKY
          SLONE VERVENIOTIS LLP
          Attorneys for Defendant
          UNITED NATIONAL INSURANCE
          COMPANY

          _____
          Michael A. Miranda (MAM-6413)
          The Esposito Building
          240 Mineola Boulevard
          Mineola, New York 11501
          (516) 741-7676
          Our File No.: 08-173

To:   SEIDEMANN & MERMELSTEIN.
       David J. Seidemann
       Attorneys for Plaintiff
       974 East 27th Street
       Brooklyn, NY 11210
       (718) 692-1013