UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

HORTENCIA GRAZETTE,

               Plaintiff,             08 Civ. 3651

  -against-                            OPINION

UNITED NATIONAL INSURANCE COMPANY,

               Defendant.

------------------------------------X

A P P E A R A N C E S:

    Attorney for Plaintiff

    DAVID J. SEIDEMANN, ESQ.
    974 East 27th Street
    Brooklyn, New York  11210

    Attorneys for Defendant

    MIRANDA SAMBURSKY SLONE SKLARIN
      VERVENIOTIS LLP
    240 Mineola Boulevard
    Mineola, New York  11501
    By:  Michael A. Miranda, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/30/09

**Sweet, D.J.**

Defendant United National Insurance Company ("United" or the "Defendant") has moved under Rule 56, Fed. R. Civ. P., for summary judgment to dismiss the complaint of plaintiff Hortencia Grazette ("Grazette" or the "Plaintiff"). Grazette has also moved under Rule 56 for the relief sought in her complaint. Upon the following facts and conclusions, the motion of United is denied, and the motion of Grazette is granted.

Under unfortunate circumstances troublesome questions of New York insurance law are presented by Grazette's complaint. She seeks under Insurance Law § 3420 payment from United of the amount of a default judgment obtained against 916 Holding Corp., United's insured. United has resisted payment relying upon the late notice provision of its policy. Under the facts presented here, the reliance is unavailing.

**Prior Proceedings**

Grazette obtained a state court judgment in her favor against her landlord and initiated her action in the

1

Supreme Court of the State of New York, Bronx County on March 18, 2008 seeking payment from United of the amount of the judgment, the landlord's insurer under New York Insurance Law § 3420 reversed to this court on April 16, 2008.

The instant motions were heard and marked fully submitted on May 20, 2009.

**The Facts**

The facts are set forth in the State of Undisputed Material Facts Pursuant to Local Rule 56.1 of the Defendant, the Plaintiff's Rule 56.1 Statement and the Defendant's Counterstatement of Material Facts Pursuant to Local Rule 56.1 and affidavits submitted by the parties. The facts are undisputed except as noted below.

The Plaintiff seeks payment of a money judgment obtained in personal injury action, <u>Hortencia Grazette v. 916 Holding Corp.</u>, Index No. 28921/02.  She served the defendant in the action 916 Holding Corp. on November 25, 2002 by service on the Secretary of State of the State of New York.

2

The Plaintiff was in an accident on August 14, 2002. On or about November 13, 2002, she filed a personal injury action in the Supreme Court of New York, Bronx County, captioned <u>Hortencia Grazette v. 916 Holding Corp.</u>, Index No. 28921/02 ("personal injury action"). The Complaint in the personal injury action alleges that on August 14, 2002, Grazette was lawfully on the premises located at 21-25 East 176th Street, Bronx, New York (the "Premises") and that 916 Holding Corp., as owner, was responsible for the upkeep and maintenance of the Premises and that she sustained serious and permanent injuries while lawfully on the Premises. 916 Holding Corp. was served in this action through the Secretary of State on November 25, 2002. A letter was written on June 9, 2004 to Real Estate Management ("REM") on Plaintiff's behalf advising that an action had commenced, that no answer had been received and requesting that counsel or the insurance carrier contact Plaintiff's counsel.

On behalf of the Plaintiff, a letter was sent to United dated July 15, 2004 enclosing a copy of the summons and complaint, affidavit of service, copy of default judgment motion and a copy of default judgment order.

3

According to the Plaintiff, an offer was made to withdraw the motion if an answer was received within 15 days and the making of the offer.  The date of mailing the letter is disputed as well as the making of the offer.  A default motion was made on July 20, 2004.  On August 12, 2004, a stipulation extending time to answer was sent to Scher and Scher P.C.  A default judgment against 916 Holding Corp. was entered on October 3, 2004.

916 Holding Corp. did not answer the Complaint and after an inquest on October 2, 2007 a judgment was entered against it in the amount of $87,327.50 on December 27, 2007.

United issued a Commercial Liability Policy to Joseph Bodak ("Bodak") and 916 Holding, Policy Number L7164926, effective July 1, 2002 to July 1, 2003.  The policy contained a late notice provision which required the insured to notify the insurer of an occurrence, claim and suit as soon as practicable.

The policy provisions state as follows:

4

```
SECTION IV - COMMERCIAL GENERAL LIABILITY
CONDITIONS

2.   Duties In The Event Of Occurrence, Offense,
Claim Or Suit.

a.   You must see to it that we are notified as
soon as practicable of an 'occurrence' or an
offense which may result in a claim.  To the
extent possible, notice should include:

     1.   How, when and where the 'occurrence' or
offense took place;

     2.   The names and addresses of any injured
persons and witnesses; and

     3.   The nature and location of any injury
or damage arising out of the 'occurrence' or
offense.

b.   If a claim is made or 'suit' is brought
against any insured, you must:

     1.   Immediately record the specifics of the
claim or 'suit' and the date received; and

     2.   Notify us as soon as practicable.

You must see to it that we receive written notice
of the claim or 'suit' as soon as practicable.

c.   You and any other involved insured must:

     1.   Immediately send us copies of any
demands, notices, summonses or legal papers
received in connection with the claim or 'suit';

     2.   Authorize us to obtain records and
other information;

     3.   Cooperate with us in the investigation,
settlement or defense of the claim or 'suit'; and

     4.   Assist us, upon our request, in the
enforcement of any right against any person or
organization which may be liable to the insured
```

5

because of injury or damage to which this
insurance may also apply.

No notice was given by the insured Bodak or 916 Holding Corp. of the occurrence.

The insured was served by the Secretary of State at its designated address at: David Gold, 7201 16th Avenue, Brooklyn, NY 12204.

Counsel's letter to 916 Holding Corp. dated August 13, 2004, advised United that service was never received because the address on file with the Secretary of State was "outdated" and incorrect stating "[i]n this instance, it was not practicable to notify the insurer about the Summons that was served upon the Secretary of State, since the Secretary of State had an outdated address to which he sent the process. Because it was an outdated address, it was returned to the Secretary of State." The letter continues to state that the error was "regrettable" and that counsel was now updating the address with the State.

First notice was received by United from 916 Holding Corp. on July 12, 2004 by fax by which counsel for the Plaintiff told 916 Holding Corp. that the case was in default.

The claimant gave notice of the lawsuit, via letter dated July 15, 2004. A disclaimer was issued by United to 916 Holding Corp. c/o Joseph Bodak, dated July 21, 2004. Counsel for the claimant was copied on United's disclaimer letter which according to United was not faxed to United until July 16, 2004. United received the insured's notice prior to the claimant's notice.

Counsel for the Plaintiff, in a letter dated August 23, 2004, stated that no investigation was conducted to discern the identity of the insurance carrier other than set forth above.

REM forwarded the June 9, 2004 letter from counsel to the Plaintiff to REM requesting an answer and identification of an insurance carrier representative to IGM Brokerage Inc. ("IGM"), the insured's agent. The June 9 letter as forwarded contains notes that indicate some communication with Plaintiff's counsel. IGM forwarded the

7

June 9 letter to P.S. & Associates, agents for United, which in turn on July 12, 2004 forwarded by fax on July 16, 2004 the June 9 letter to United, stating "attached is the first notice of loss report." A disclaimer was issued by United to 916 Holding Corp. on July 21, 2004.

**The Plaintiff Gave the First Notice**

Other than the commencement of the Underlying Action by service on the Secretary of State, no action was taken by the Plaintiff until the letter of June 9, 2004 was sent by her counsel to REM, a management agency which collected the rents from the tenants of the Premises. The letter recited the initiation of the Underlying Action and that no answer had been filed and requested that a representative of 916 Holding Corp. or its insurance carrier contact counsel for the Plaintiff. That letter was forwarded to an agency which it is assumed was the insurance agency for REM or 916 Holding Corp. which in turn forwarded it to the agent for United which then forwarded it to United, stating that it constituted the first notice of Grazette's claim. This notice was initiated by counsel to the Plaintiff without any participation or knowledge by United as far as this record reflects. Although United has

8

urged that its first notice was received from its insurer, not the Plaintiff, the facts as set forth above reflect otherwise. After learning that United was the carrier for 916 Holding Corp. on July 15, 2004, counsel for the Plaintiff sent a copy of the complaint in the Underlying Action to United which was received on July 19, 2004. On July 21, 2004, United wrote to 916 Holding Corp. disclaiming liability on the grounds of late notice.

Because the claimant gave notice to the insurance carrier, the Plaintiff in her complaint has alleged a cause of action under § 3420. The language of the section upon which the Plaintiff relies is § 3420(a)(3) which states as follows:

> A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in this state, with particulars sufficient to identify the insured, shall be deemed notice to the insurer.

**The Disclaimer to the Insurer Does Not Bar Plaintiff**

United has relied upon Briggs v. Insurance Corporation of Hanover, 11 N.Y.3d 377, 870 N.Y.S.2d 841 (2008) to bar Grazette's claim. That decision rendered in

9

answer to a question certified by our Court of Appeals sustained a disclaimer for failure of prompt notice for an insurer which, like 916 Holding Corp., failed to give the Secretary of State its correct address resulting in a default judgment. Id. at 380. The insured brought a declaratory judgment to require the carrier to defend and the Court of Appeals upheld the disclaimer noting "that the loss of insurance coverage is a harsh result" and "[t]he Legislature, weighing the competing interests at stake, has recently enacted legislation that strikes a different balance, more favorable to the insured (see L. 2008, ch. 388, §§ 2, 4 [amending Insurance Law § 3420, applicable to policies issued after January 12, 2009])." Id. at 381-82.

Relying on its disclaimer, United did not defend the motions to obtain a judgment in the state court nor did the insured 916 Holding Corp.

This direct action by the claimant differs from the result in Briggs which dealt only with the relationship between the carrier and its insured and the duty to defend.

The Plaintiff relies on Hazen v. Otsego Mutual Fire Ins. Co., 286 A.D.2d 708, 730 N.Y.S.2d 156 (2nd Dept.

10

2001) which dealt with Insurance Law 3420(d) and 3420(a)(3) and concluded that when an insurer disclaims coverage, the notice of disclaimer must promptly advise the claimant with a "high degree of spefitity" on the ground or grounds on which the disclaimer is predicated, noting that the Insurance Law recognizes the independent right of an injured party to (a) notify an insurer and (b) proceed to collect an unsatisfied judgment of an insured. Id. at 709.

Since the insurance company's letter of disclaimer made reference only to the insured's late notice and was silent as to the carrier's position on plaintiff's timeliness, the carrier was estopped from raising the insured parties late notice as a defense later against the injured party.

In Fabian v. MVIAC, 111 A.D.2d 366, 489 N.Y.S.2d 581 (2nd Dept. 1985), the Court, without noting whether the insured or the injured party notified the carrier first, ruled that, since under § 3420 an injured party has the right to notify a carrier, if the carrier is going to disclaim, a specific notice of denial must be mailed to the plaintiff referencing his "late" notice. Id. at 367.

11

In Tower Ins. Co. of New York v. Lin Hsin Long Co., 50 A.D.3d 305, 855 N.Y.S.2d 75 (1st Dept. 2008), the Appellate Division once again referenced § 3420(a)(3) in ruling that the injured party has an independent right to notify an insurance company of an accident and that in giving notice he or she is not vicariously charged with any delay of the insured. Id. at 308-09. In 2005, the Appellate Division, 1st Department, in Appel v. Allstate Ins. Co., 20 A.D.3d 367, 799 N.Y.S.2d 467 ruled that the insured parties' rights to notify and collect from an insurance carrier are independent from those of their insured. Id. at 368.

In Appel plaintiff was injured and served process on the defendant in August of 2000. Judgment was entered against the policyholders on April 24, 2001. The policyholders then notified Allstate. Allstate disclaimed on May 21, 2002. On August 29, 2002, plaintiff's attorney served the judgment on Allstate and demanded that Allstate satisfy the judgment. Id. The lower court dismissed plaintiff's complaint against the insurer stating that since the insured notified the insurer prior to plaintiff notifying the insurer, that all of plaintiff's rights were extinguished. Id. The Appellate Division rejected that

12

argument and made it clear that even if the insurer notifies the carrier first; and even if the insurer disclaims against the insured for late notice, plaintiff may subsequent to the notice by the insured, notify the carrier and proceed to enforce judgment. Id. at 369.

In Massachusetts Bay Ins. Co. v. Flood, 128 A.D.2d 683, 513 N.Y.S.2d 182 (2nd Dept. 1985), the court held that if an insured notifies first and then the injured party notifies, the denial to the insured based on his late notice is sufficient and no separate letter addressing plaintiff's late notice need be sent by the insurer. Id. at 684. However, the 4th Department in Wraight v. Exchange Ins. Co., 234 A.D.2d 916, 651 N.Y.S.2d 803 (4th Dept. 1996), ruled that when an insured notified the insurer first and then the injured party, it was necessary for both parties to receive a separate denial addressing the lateness of each their notice. Id. at 917.

In both cases, the decisions allowed for the continuation of plaintiff's claim, despite the late notice by the insured; despite the denial letter referencing only the insured's late notice; despite first notice by the insured on the condition that plaintiff was diligent in his

13

notification to the insurer. This is true even if the injured party notified the carrier after the insured.

In <u>U.S. Liability Ins. Co. v. Winchester Fire Arts Services</u>, 337 F. Supp.2d 435, the court ruled that once the insured notifies the carrier, any information provided by the injured party is superfluous. <u>Id.</u> at 448. The court pointed out that plaintiff was being precluded from proceeding against the insurance company, because they could not prove they acted with diligence after being notified of the identity of the carrier. <u>Id.</u> at 442.

<u>Appel</u>, 20 A.D.3d 367, was decided after the 4th Dept. (1996) and 2nd Dept. (1989) decisions and concluded that even if the insured notified first; and even if the notice was late; and even if the carrier disclaimed against the insured based on the insured's late notice; the injured party's rights were not extinguished under 3420(a)(3). <u>Id.</u> at 368-69.

Under these authorities, an action for payment of the default judgment is appropriate.

**Plaintiff Acted With Reasonable Diligence**

14

Appel stated that "the sufficiency of notice by an injured party is governed not by mere passage of time but by the means available for such notice." Id. at 369; National Grange Mut. Ins. v. Diaz, 111 A.D.2d 700, 701, 490 N.Y.S.2d 516, 518 (1st Dept. 1985). There, the insurer admitted it received its first notice, albeit untimely, from its insured. Nevertheless, plaintiff was allowed to come in under Insurance Law § 3420 and proceed against the carrier.

In Appel, the court referred to Ringel v. Blue Ridge Ins. Co, 293 A.D.2d 460, (2nd Dept. 2002), and Mass Bay, 128 A.D.2d 683, cited by the District Court in Winchester, 337 F. Supp.2d 435, and noted that the reason the plaintiffs in Ringel and Mass Bay were barred was because in addition to the insured notifying before the injured party, the injured party failed to demonstrate that it was diligent in its efforts to follow up with notice to the insurer. 20 A.D.3d at 368.

In Children's Hospital of Buffalo v. Employers Ins. Co., 84 A.D.2d 933, 466 N.Y.S.2d 695 (4th Dept. 1981), the court determined that even though the insured notified

15

first, and late, that it did not bar the plaintiff's rights under Insurance Law § 3420. Secondly, unless the plaintiff in the underlying case was found to be dilatory, his actions could not be construed as "untimely". Id. at 933.

In Rochester v. Quincy Mutual Fire Ins. Co., 10 A.D.3d 417, 781 N.Y.S.2d 139 (2nd Dept. 2004), the insured notified first as United claims the insured, did, herein. The carrier disclaimed as against its insured and sought to prevent the plaintiff from pursuing his case against the insurer as United is seeking to do here. Id. at 417.

Nevertheless, the court continued the further analysis under the rights afforded to injured parties under Insurance Law § 3420 and allowed the plaintiff's claim against the insurer to continue absent a showing by the insurer that the plaintiff did not act diligently in its notification. Id. at 418. Quoting Mass Bay, the court stated:

> "Where, as here, the insurer does not dispute receiving notice from its insured, 'the only issue with respect to the injured party [is] whether the efforts of the injured party to facilitate the providing of proper notice were sufficient in light of the opportunities to do so afforded it under the circumstances."

16

Id. at 418.

Here, within 24 hours of the identification of the carrier, all the documents relating to Plaintiff's claim were forwarded to United.  916 Holding Corp.'s failure to file a correct address with the Secretary of State cannot impose to issue a prompt notice to an unidentified carrier.

In Cicero v. Crest American, 53 A.D.3d 461, 863 N.Y.S.2d 395 (1st Dept. 2008) the court indicated that the window being measured in terms of plaintiff's timeliness is not from the date of the accident until notification by plaintiff to the insurer, but rather from the insurance company being made known to the plaintiff. Id. at 461-62.

Under Appel and the other cases cited above, even if the insured notified first, that an injured party can still, under Insurance Law § 3420 proceed with his claim. The only difference between the two prongs being analyzed is that if the denial letter is deemed to be insufficient, Plaintiff need not show he was diligent in his notifying the insurer.  If the denial letter was determined to be sufficient as to form and content, than in order to avail

17

himself of § 3420 protection, the plaintiff is going to have to demonstrate his timeliness measured from the time he knew who the carrier was, until he informed the carrier.

## Conclusion

On the facts and conclusions set forth above, the motion of United for summary judgment is denied, and the motion for summary judgment of the Plaintiff is granted.

Submit judgment on notice.

So ordered.

**New York, NY**
**November 30, 2009**

ROBERT W. SWEET
U.S.D.J.

18